In the Matter of **TELE KING CORPO-RATION**, Debtor.

United States District Court
S. D. New York.
Dec. 6, 1955.

Levin & Weintraub, New York City, for debtor.

Bainton, Devlin, Douglas & Voorhees, New York City, for Bank of America National Trust and Savings Association.

SUGARMAN, District Judge.

The Bank of America National Trust and Savings Association (the Bank) petitions this court for review of an order of the referee dated June 20, 1955 in this proceeding under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq.

The Bank had filed a claim against the debtor which claim was thereafter twice amended. The debtor moved to expunge this claim, alleging that no moneys were due thereon. The Bank filed its answer to the petition to expunge and moved to dismiss the debtor's petition.

At the hearing on the Bank's motion, the debtor in open court moved orally for leave to withdraw its objections to the Bank's claim as amended without prejudice, stating that it intended to commence a plenary suit against the claimant in California. The debtor's

motion was granted by the referee and his order here under attack provides:

"Ordered, that the debtor, be and it hereby is authorized to withdraw its objections to the claim of the Bank of America National Trust and Savings Association without prejudice provided that the debtor commences a plenary suit in a California Court of competent jurisdiction within thirty days from the entry of an order herein; and it is further

"Ordered, that the Order of Confirmation, be and the same, hereby is amended by allowing the claim of the Bank of America National Trust and Savings Association in the sum of $40,856.47; and it is further

"ordered, that the distributor, be and he hereby is allowed and directed to make the following payment:

"Bank of America National Trust and Savings Association $2,042.82".

The claim of the Bank is based on an indemnity agreement whereby the debtor agreed to reimburse the Bank for losses sustained through the latter's discounting of notes given by ultimate purchasers of the debtor's products to the debtor's distributors' dealers, without recourse to the distributors or dealers but with recourse to the debtor.

The objection of the debtor to the Bank's claim was that the claimant failed to exercise ordinary care when it discounted said consumer paper from the debtor's distributors' dealers at a time when it was under a duty to the debtor to investigate the credit of the makers of the paper.

On this petition for review, the Bank contends that the learned referee was in error in allowing the withdrawal of the debtor's objections to the Bank's claim without prejudice and with leave to commence a plenary suit.

It is clear that the parties and the learned referee have at all times here pertinent treated the debtor's "objections" to the Bank's claim as a demand in recoupment to diminish or extinguish the claim asserted by the Bank.[1] There can be no doubt that any right of recoupment in the debtor, assertible against the Bank, arose out of the very transaction that was the basis of the Bank's claim against the debtor.

As such it may be either a compulsory counterclaim which, if not pleaded under Fed.Rules Civ.Proc. rule 13(a), 28 U.S.C.A., is barred[2] or a defense, which if not pleaded under F.R. Civ.P. rule 12(b) is waived[3] or a denial, which if not pleaded admits that the Bank performed in full the contract upon which it bases its claim to indemnity.

A defendant (and the debtor here is such in the premises) cannot be compelled to assert a compulsory counterclaim or defense or denial if he chooses to abandon it, but he makes that choice at the peril of being non-suited when he seeks affirmative relief thereon in another suit.

To the extent that the learned referee permitted the debtor to voluntarily withdraw its objections to the Bank's claim and to consent to its allowance in full, his order was proper. Beyond that and to the extent that his order (1) undertook to make that withdrawal conditional upon the commencement of the plenary suit in California or (2) undertook, by allowing the withdrawal to be without prejudice, to impair the Bank's right to meet the plenary suit by a plea that the debtor's claim there asserted should have been disposed of before the Referee as a compulsory counterclaim, defense or denial, said order was improper.

Accordingly, the order appealed from is modified by deleting from the first "ordering" paragraph all except the words

"Ordered, that the debtor, be and it hereby is authorized to withdraw

1. Cf. 4 Collier on Bankruptcy, 14th Ed., § 68.03; 3 Moore's Fed.Prac., para. 13.02.

2. 3 Moore's Fed.Prac. para. 13.12, note 4, 1955 Supp., p. 7.

3. F.R.Civ.P. rule 12(h).

its objections to the claim of the Bank of America National Trust and Savings Association; and it is further".

It is so ordered.